UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. DUSTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHILDRES, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-00422-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>[ECF Nos. 2, 8] |

　　　　Plaintiff D. Dustin is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On March 18, 2020, Plaintiff filed the instant action in the United States District Court for the Northern District of California.  On March 23, 2020, the action was transferred to this Court.

　　　　Although Plaintiff filed a motion to proceed in forma pauperis in the Northern District on March 18, 2020 (ECF No. 2), it was not complete or signed under penalty of perjury by Plaintiff. Therefore, on March 24, 2020, the Court directed Plaintiff to submit a completed application to proceed in forma pauperis or pay the $400.00 filing fee within forty-five days.  (ECF No. 7.)  Plaintiff failed to submit an application to proceed *in forma pauperis* or pay the $400.00 filing fee within 45 days after service of the July 22, 2019 order.  However, on March 30, 2020, the Court received a copy of Plaintiff's prison trust account statement, along with a page signed by Plaintiff consenting to withdrawal of funds from his account to pay the filing fee for this action.  (ECF No. 8.)  Nonetheless,

for the reasons explained below, Plaintiff is prohibited from proceeding in forma pauperis because he has suffered three or more strikes under 28 U.S.C. § 1915(g).

# I.

# LEGAL STANDARD

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a prisoner has incurred three or more "strikes" (*i.e.*, three or more cases that were dismissed on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted) before filing a new civil action, the prisoner is precluded from proceeding *in forma pauperis* in the new civil action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

# II.

# DISCUSSION

Initially, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action. The Court take judicial notice of the following cases[1]: (1) Dustin v. Galaza, No. 1:02-cv-05515-OWW-DLB (E.D. Cal.) (dismissed on October 28, 2003 for failure to file a second amended complaint, following a screening order dismissing first amended complaint for a repeated violation of Fed. R. Civ. P. 8(a)'s short and plain statement requirement); (2) Dustin v.

---

[1] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

Townsend, No. 2:04-cv-00672-GEB-JFM (E.D. Cal.) (dismissed on May 1, 2006 for failure to file second amended complaint, following screening order dismissing first amended complaint for a repeated violation of Fed. R. Civ. P. 8(a)'s short and plain statement requirement); (3) Dustin v. Alameida, No. 1:03-cv-05626-AWI-LJO (E.D. Cal.) (dismissed on June 27, 2006 for failure to file a third amended complaint, following a screening order dismissing second amended complaint for a repeated violation of Fed. R. Civ. P. 8(a)'s short and plain statement requirement); (4) Dustin v. Galaza, No. 1:05-cv-00697-AWI-DLB (E.D. Cal.) (dismissed on March 29, 2008 for failure to state a claim and repeated violations of Fed. R. Civ. P. 8(a)'s short and plain statement requirement); (5) Dustin v. Vogel, No. 1:05-cv-00612-AWI-WMW (E.D. Cal.) (dismissed on March 25, 2009 as barred by the statute of limitations); and (6) Dustin v. Galaza, No. 1:05-cv-00768-LJO-MJS (E.D. Cal.) (dismissed on September 21, 2010 for failure to file a third amended complaint, following screening order striking and dismissing prior complaints for repeated violations of Fed. R. Civ. P. 8(a)'s short and plain statement requirement).  See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."); Belanus v. Clark, 796 F.3d 1021, 1024, 1027, 1030 (9th Cir. 2015) (stating that a dismissal for statute of limitations on the face of a complaint is a dismissal for failure to state a cause of action upon which relief could be granted); Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) (stating that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)[]").[2]

Therefore, Plaintiff's application to proceed *in forma pauperis* must be denied unless his complaint makes a plausible allegation that he faced "imminent danger of serious physical injury" at the time that he filed his complaint on June 26, 2019.  Andrews, 493 F.3d at 1053-56.  Although Plaintiff's complaint is difficult to understand, the bulk of his complaint is regarding the confiscation

---

[2] See also Dustin v. Kern Valley State Prisoner Personnel, Case No. 1:19-cv-00989-LJO-SAB (PC) (denying application to proceed in forma pauperis and dismissing action for failure to pay the $400.00 filing fee.)

and denial of access to his property. Plaintiff also references a rules violation report he received for covering his cell window, which he claims is false. Plaintiff also makes "vague" reference to being assaulted in 2017 and 2018. However, Plaintiff's complaint does not contain any factual allegations demonstrating that, at the time that he filed his complaint on March 18, 2020, he was in imminent danger of serious physical injury. While Plaintiff makes "vague" reference to being assaulted in 2017 and/or 2018, Plaintiff has failed to set forth any facts demonstrating he is in imminent danger of serious physical injury. Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner faced imminent danger in the past are insufficient to trigger [the imminent danger] exception to § 1915(g)[.]"); Blackman v. Mjening, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."). Therefore, since Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), Plaintiff's application to proceed *in forma pauperis* must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

### III.
### RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF Nos 2, 8), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 11, 2020**

UNITED STATES MAGISTRATE JUDGE